UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN GILL, | : | |
| *Plaintiff,* | : | |
| v. | : | |
| GAME CHANGER WRESTLING, LLC | : | Civil No. 24-10650 |
| and | : | **ANSWER AND AFFIRMATIVE DEFENSES** |
| BRETT HOFFMAN, | : | |
| *Defendants* | : | |

Defendants Game Changer Wrestling, LLC ("Game Changer" or "GCW") and Brett Hoffman ("Hoffman" and, with Game Changer, "Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12, hereby file their Answer to Plaintiff Kevin Gill's Complaint, and state as follows:

1. Denied.

2. Denied.

3. Plaintiff's assertion of relief sought does not require an answer; to the extent an answer is required, denied.

4. Defendants lack sufficient knowledge to admit or deny the allegation concerning Plaintiff's residence. The remainder of this paragraph calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

5. Defendant Gamechanger admits that it is a Delaware LLC.

6. Admitted.

7. Admitted.

8. This paragraph calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied; specifically, this controversy does not, as plead, exceed $75,000, exclusive of interest and costs.

9. This paragraph calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

10. This paragraph calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied. Defendants reserve the right to move this matter to a more appropriate and convenient venue.

11. Denied.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied, except to admit that performances were halted for a brief period of time due to Covid restrictions.

16. Denied.

17. Denied.

18. Denied, except to admit that the Patreon link was launched on or about May 21, 2020.

19. Denied.

20. Denied.

21. Denied, except to admit that while Plaintiff performed the work requested, GCW paid Plaintiff the agreed-upon payments, until such time as Plaintiff stopped accepting payment.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied, except to admit that on rare occasions GCW did promote merchandise through the Patreon.

30. Denied.

31. Denied.

32. Denied, except to admit that GCW never refused to pay Plaintiff money to which he was entitled.

33. Denied, except to admit that in 2022 Plaintiff sent an invoice to GCW.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendants do not have sufficient information to answer as to Plaintiff's state of mind; otherwise denied.

40. Denied, except to admit that GCW paid Plaintiff approximately $3,975.63 on or about that date in 2022.

41. Denied, except to admit that Mr. Hoffman did offer to settle Plaintiff's claims.

42. Denied.

43. Defendants lack sufficient knowledge to admit or deny this allegation; to the extent a response is required, denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied, except to admit that Mr. Gill's counsel sent to letters to Defendants, which demonstrate that the allegations in this Complaint are intentionally false and misleading.

48. Defendants lack sufficient information to respond to this allegation; to the extent a response is required, Defendants deny, except to admit not responding to Plaintiff's lawyer's threats.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendants lack sufficient information to respond to these allegations, nor is an answer required as they call for a legal conclusion; to the extent a response is required, denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied, this allegation is false and misleading.

58. Denied.

59. Denied.

60. Defendants lack sufficient information and knowledge to answer concerning any articles written; otherwise denied.

61. Denied, except to admit that GCW was not willing to pay for Plaintiff to travel to Japan.

62. Denied.

63. Denied.

64. Denied, except to admit that, in an obviously comedic sketch, a wrestler ad-libbed about events somewhat similar to those set forth in this allegation.

65. Denied.

66. Denied.

67. Denied.

68. These allegations are not sufficiently clear to allow for an accurate answer; to the extent an answer is required, denied.

69. Denied.

70. Denied.

71. This is speculation, which is not an allegation, and therefore does not require a response; to the extent a response is required, denied.

72. Denied, except to admit that old podcasts may have continued to appear in the library for some period of time after Plaintiff ceased to work with GCW.

73. Denied, except to admit that old podcasts may have continued to appear in the library for some period of time after Plaintiff ceased to work with GCW.

74. Denied.

75. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

76. Calls for a legal conclusion and does not require an answer; to the extent that an answer is required, denied.

77. Defendants hereby incorporate by reference their answers to all paragraphs as though fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied, except to admit that Plaintiff accepted a payment.

87. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

88. Denied.

89. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

90. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

91. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

92. Denied.

93. Denied.

94. Defendants hereby incorporate by reference their answers to all paragraphs as though fully set forth herein.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied, except to admit that GCW paid Plaintiff $3,975.63 in or around November 2022.

100.   Denied.

101.   Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

102.   Denied.

103.   Defendants hereby incorporate by reference their answers to all paragraphs as though fully set forth herein.

104.   Denied.

105.   Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

113. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

114. Denied.

115. Denied.

116. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

117. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

118. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

119. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

120. Denied.

121. Defendants hereby incorporate by reference their answers to all paragraphs as though fully set forth herein.

122. Denied, as misleading and incomplete.

123. Denied.

124. Denied.

125. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

126. Defendants hereby incorporate by reference their answers to all paragraphs as though fully set forth herein.

127. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

128. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

129. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

130. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

    a. Denied.

    b. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

    c. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

    d. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

    e. Denied.

131. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

132. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

133. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

134. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

135. Denied.

136. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

137. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

   a. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

   b. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

   c. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

   d. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

   e. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

138. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

139. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

140. Defendants hereby incorporate by reference their answers to all paragraphs as though fully set forth herein.

141. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

142. Denied.

143. Denied.

144. Denied.

145. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

146. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

147. Denied.

148. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

149. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

150. Defendants hereby incorporate by reference their answers to all paragraphs as though fully set forth herein.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Defendants lack sufficient knowledge to admit or deny this allegation; to the extent an answer is required, denied.

160. Calls for a legal conclusion and does not require an answer; to the extent an answer is required, denied.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, Defendants state:

1. Plaintiff fails to state a claim for which relief can be granted.

2. Plaintiff fails to state a claim against Brett Hoffman in his individual capacity and has not adequately alleged piercing of the corporate veil.

3. Plaintiff fails to state a claim for defamation, or for false light invasion of privacy.

4. Plaintiff's claims, including but not limited to those for defamation, are barred by the applicable statutes of limitations.

5. Plaintiff fails to state a claim for declaratory relief because there is no such independent cause of action.

6. Plaintiff has chosen and inconvenient and improper venue.

7. Plaintiff's claims for breach of contract and unjust enrichment are void as duplicative.

8. Plaintiff's claims are barred in whole or in part because they seek duplicative recoveries.

9. Plaintiff's claims are barred in whole or in part by the statute of frauds.

10. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

11. Plaintiff's claims are barred in whole or in part because the alleged contract is void for indefiniteness.

12. Plaintiff's claims are barred in whole or in part because the alleged contract is void for vagueness.

13. Plaintiff's claims are barred in whole or in part because the alleged contract was based on a unilateral or mutual mistake.

14. Plaintiff's claims are barred in whole or in part because Plaintiff interfered with Defendants' performance of the alleged contract.

15. Plaintiff's claims are barred in whole or in part because Plaintiff failed to perform under the alleged contract.

16. Plaintiff's claims are barred in whole or in part because Plaintiff has waived compliance with the alleged contract.

17. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

18. Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

19. Plaintiff's claims are barred in whole or in part because the allegedly defamatory or invasive statements were not made, and as alleged are, in any event, true.

20. Plaintiff's claims are barred in whole or in part because the allegedly defamatory or invasive statements were made, if at all, in jest and/or were statements of opinion, not fact.

21. Plaintiff's claims are barred in whole or in part because the allegedly defamatory or invasive statements were privileged.

22. Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate his damages, if any.

23. Plaintiff's claims are barred in whole or in part because Plaintiff would be unjustly enriched by the requested relief.

## **RESERVATION OF RIGHTS**

Defendants hereby reserve the right to add to or amend their Answer and Affirmative Defenses, as and if necessary during the course of discovery in this case.

WHEREFORE, for the foregoing reasons, Defendants Game Changer Wrestling, LLC and Brett Hoffman respectfully request that this Court dismiss Plaintiff's Complaint and grant Defendants all such other and further relief as this Court deems just and proper, including but not limited to an award of all of Defendants' reasonable attorney's fees and costs incurred in defending this action, and all such other relief as is deemed just and equitable under the circumstances.

Date: February 24, 2025
Montclair, New Jersey

Respectfully Submitted,

GELBER & SANTILLO PLLC

By: /s/R. Zachary Gelber
R. Zachary Gelber
Sarah A. Sulkowski
24 Church Street, 2nd Floor
Montclair, NJ 07042
Phone: 212-227-4743
Fax: 212-227-7371
zgelber@gelbersantillo.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing instrument was e-filed with the Clerk of the Court using ECF, this 24th day of February, 2025.

> Respectfully Submitted,
>
> GELBER & SANTILLO PLLC
>
> By: /s/R. Zachary Gelber
> R. Zachary Gelber
> Sarah A. Sulkowski
> 24 Church Street, 2nd Floor
> Montclair, NJ 07042
> Phone: 212-227-4743
> Fax: 212-227-7371
> zgelber@gelbersantillo.com
>
> *Attorneys for Defendants*

## **SERVICE LIST:**

Anton Kaminsky, Esq.
Kaminsky Law LLC
297 Buck Road, Suite 2
Southampton, PA 18966
(215) 876-0800

*Attorney for Plaintiff*