UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN GILL, | : | |
| *Plaintiff,* | : | |
| v. | : | |
| GAME CHANGER WRESTLING, LLC | : | Civil No. 24-10650 |
| and | : | **DEFENDANTS' ADDENDUM TO** |
| BRETT HOFFMAN, | : | **DIVERSITY CERTIFICATION** |
| *Defendants* | : | |

AMOUNT IN CONTROVERSY

Plaintiff has not alleged facts plausibly supporting a conclusion that the amount in controversy is anywhere close to $75,000. The Complaint alleges that Plaintiff would have been entitled to between $2,000 and $3,000 per month *in September 2020*, based on $10,000 to $15,000 in revenue, but doesn't allege whether this revenue continued, and only seeks damages *from January 2021 forward*. *See* Compl. ¶¶ 3, 17, 23-25. And, according to Plaintiff's own allegations, he ceased providing services to Defendant Game Changer that could have feasibly entitled him to a revenue share by *October 2022*. *See id.* ¶ 35. The Complaint includes no allegations at all as to revenue during this January 2021 to October 2022 period. Further, although Plaintiff makes conclusory allegations as to a general equity right in Game Changer's Patreon revenue, even if these bald assertions were credited so as to entitle Plaintiff to revenue after he stopped providing services in October 2022 (they should not be), Plaintiff makes no allegations as to what revenue was, or what he should have been entitled to, during any month after September 2020. Nor do Plaintiff's estimates as to the possible range of Game Changer revenue *as of the time of filing in November 2024* (allegedly $4,448.89 to $50,025, *see id.* ¶¶ 49-50) provide any basis upon which the Court could conclude how much revenue is being alleged for the operative period, or what Plaintiff's total damages should be, in the intervening months after September 2020. Plaintiff also concedes he was paid $3,975.63 on November 10, 2022. Compl. ¶ 40. Plaintiff's bald allegation of at least $150,000 in damages is conclusory, has no factual basis, and should not be credited. Accordingly, even taking Plaintiff's unsupported and provably false allegations as true, Plaintiff has not alleged damages that would exceed $75,000 on his breach-of-contract and quasi-contract claims. *See* 28 U.S.C. § 1332(a).

Plaintiff's only other non-duplicative claims are for defamation/false light, neither of which states a claim, and both of which are time-barred by the one-year statute of limitations governing such claims. *See* N.J.S.A. § 2A:14-3. Further, Plaintiff's remaining claims, in addition to being duplicative of his contract and quasi-contract claims, are vague, conclusory, and attenuated and do not include well-pled facts sufficient to support a finding that the amount-in-controversy threshold has been met.